SOLOMON HARRIS, Plaintiff, *v.* REUBEN HARRIS, Defendant.

City Court of New York, New York County, April 16, 1930.

*Stern & Ellenwood,* for the plaintiff.

*Samuel D. Johnson,* for the defendant.

RYAN, J.  This action is brought to recover installments claimed to be due under a written contract, the consideration of which was the discontinuance of an action brought in the Supreme Court against this defendant, Harris Brothers Corporation, and two other defendants. All the parties to that action comprised all the directors of said Harris Brothers Corporation, and said agreement

provided that they as such directors would simultaneously with the execution thereof meet and elect themselves to the respective offices of the corporation therein mentioned and adopt a resolution that the plaintiff in this action would be entitled to a drawing account while he continued to be active in the business of said corporation until he became seventy years of age, with the privilege to him of withdrawing from active business before that time on a drawing account of half the amount provided for, and after that age an additional provision was to be made for said Solomon Harris. The contract further provided that in the event of the failure of the corporation to pay said sum as therein provided, Reuben Harris, the defendant in this action, agreed to make payments to the plaintiff Solomon Harris, and it is upon that cause this action is founded. The defendant interposed two defenses: *First*, that the contract is without consideration; and, *second*, that it is void and unenforcible as being against public policy. At the trial of this action it was uncontradicted that the plaintiff under the contract received payments from the corporation for a period of thirteen weeks, amounting to $1,350, and that those payments ceased on March 23, 1929, since which time he received no further moneys. The jury returned a verdict in favor of the plaintiff in the sum of $1,492.72. Decision was reserved on motion by the defendant to set aside the verdict.

It seems to me that the motion should be denied. The affairs of every corporation shall be managed by *its* board of directors. (Gen. Corp. Law of 1929, § 27.) The directors convened as a board are the primary possessors of all the powers which the charter confers, and, like private principals, they may delegate to agents of their own appointment the performance of any acts which they themselves can perform. Recognition of this principle is absolutely necessary in the affairs of every corporation, the powers of which are vested in the board of directors. In the management of the affairs of the corporation directors are dependent solely upon their own knowledge of its business and their own judgment as to what its interests may require. They are exclusively executive representatives of the corporation and are charged with the administration of its internal affairs, and the management and use of its assets. (*Manson* v. *Curtis*, 223 N. Y. 313, 322.) That it was well within the powers of the directors to provide for a drawing account or salary for one of the officers of the corporation cannot be gainsaid. It seems to me that the contract in question is supported by a good and valid consideration. The language contained in said clause in the same contract wherein the defendant in this case agrees to pay the plaintiff a set stipend upon the

default of payments by the corporation seems to me to be clear and unambiguous and must be held to bind him to make the agreed payments.

Motion by defendant to set aside the verdict must, therefore, be denied, with exception to the defendant. Fifteen days' stay and thirty days to make a case.